2004 ND 189

**Kevin SCHMIDT, Donald Wittinger, and Kenneth Wittinger, Plaintiffs and Appellees**

v.

**Alfred WITTINGER, Defendant and Appellant.**

No. 20040051.

Supreme Court of North Dakota.

Oct. 12, 2004.

Rehearing Denied Nov. 2, 2004.

Albert J. Hardy, Hardy, Maus & Nordsven, P.C., Dickinson, N.D., for plaintiffs and appellees.

Jennifer M. Macaulay (argued), Saint Paul, MN, and Alfred Wittinger (appeared), pro se, Minneapolis, MN, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]    Alfred Wittinger appealed from a judgment ordering a partition sale of farmland and awarding compensatory damages to Donald and Kenneth Wittinger. We hold the trial court's finding that a partition in kind could not be made without great prejudice to the co-owners is not clearly erroneous, and we affirm the partition sale of the property. We also hold that the court's award of compensatory damages for loss of federal program payments is not supported by the record evidence, and we therefore reverse that part of the compensatory damages award to Donald and Kenneth Wittinger.

I

[¶ 2]    Donald, Kenneth, and Alfred Wittinger are brothers who inherited from their parents undivided equal interests in farmland located in Dunn County. The property was leased by Kevin Schmidt, and Alfred Wittinger was sued by his brothers and Schmidt to specifically enforce a purchase option Schmidt held under the lease or, alternatively, for a partition sale of the property. Donald and Kenneth Wittinger also sued Alfred Wittinger for compensatory damages, asserting that he did not pay his pro rata share of property expenses and taxes and that he refused to sign documents for the parties to receive federal farm program payments. Alfred Wittinger filed an answer objecting to specific performance of the purchase option under the lease. That claim was subsequently withdrawn by the plaintiffs. Alfred Wittinger also filed a counterclaim for damages to compensate him for loss of

"value, rental payments, government payments, CRP payments and market value."

[¶ 3] At the bench trial, Alfred Wittinger neither appeared nor was represented by counsel. After the hearing, the trial court ordered a partition sale of the property with proceeds to be equally divided among the three cotenants. The court also awarded compensatory damages of $2,821.87 to Donald Wittinger and $2,244.50 to Kenneth Wittinger for Alfred Wittinger's failure to pay his share of the farmland expenses and taxes and for his failure to sign federal farm program documents. The court dismissed Alfred Wittinger's counterclaim.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Alfred Wittinger's appeal was timely filed under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

[¶ 5] On appeal, Alfred Wittinger asserts the trial court erred in ordering a partition sale rather than a partition in kind. Partition of property is available under N.D.C.C. § 32–16–01 when there are cotenants with current possessory interests in the property. *Treiber v. Citizens State Bank,* 1999 ND 130, ¶ 1, 598 N.W.2d 96. Section 32–16–01, N.D.C.C., provides:

When several cotenants hold and are in possession of real or personal property as partners, joint tenants, or tenants in common, in which one or more of them have an estate or inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein and for a sale of such property or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners. Real and personal property may be partitioned in the same action.

[¶ 6] Section 32–16–12, N.D.C.C., provides for a partition sale if a partition in kind cannot be made without great prejudice to the owners:

If it is alleged in the complaint and established by evidence, or if it appears by the evidence without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof. Otherwise, upon the making of requisite proof, it must order a partition according to the respective rights of the parties as ascertained by the court and appoint three referees therefor, and must designate the portion to remain undivided for the owners whose interests remain unknown or unascertained.

[¶ 7] The law favors partition in kind, and there is a presumption that partition in kind should be made unless great prejudice is shown. *Schnell v. Schnell,* 346 N.W.2d 713, 716 (N.D.1984). "The burden of proving that partition in kind cannot be made without great prejudice is on the party demanding a sale." *Id.* Great prejudice exists when the value of the share of each in case of a partition would be materially less than the share of the money equivalent that each could probably obtain from the whole. *Id.; see also Berg v. Kremers,* 181 N.W.2d 730, 733 (N.D.1970).

[¶ 8] On the request for a partition sale of the property, the trial court made the following relevant findings of fact:

By reason of the existing fence, a partition in kind would necessitate surveying and the construction of a substantial amount of fence, some properties requir-

ing more fencing than others. The river meanders through the property which makes fencing on section lines and boundary lines extremely difficult.... Portions of the property would not have road access in the event of a partition as all tracts of lands involved do not have access roads due to the river crossing the premises....

A partition in kind would require the building of fences and the maintaining of fences by adjoining landowners. The Defendant, Alfred Wittinger, has evidenced and demonstrated that he will not discuss or communicate with others and has demonstrated hostility towards the Plaintiffs. It would be extremely difficult to conduct fencing arrangements between Alfred Wittinger and any adjoining property owner....

Not all tracts or separate parcels of land have a water supply, and thus a partition in kind would result in portions or parts of the property not having water available to it rendering the pasture lands of diminished value or requiring the owner to expend large sums of money for the drilling of wells or constructing dams....

The property is currently being operated and farmed in an efficient manner. In order to partition the land in kind it would require breaking the property up into small tracts of land. Such small tracts typically do not sell for as much per acre as with the larger machinery used by farmers today it is difficult and less efficient to farm smaller tracts of land....

The house that is on the premises appears to be on the section line between Sections 5 and 8 and cannot be partitioned....

The value of the share of each of the Wittingers in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole....

The usefulness of the various tracts of land after partition would be substantially diminished....

A partition in kind would result in great prejudice to the owners.

[¶ 9] Alfred Wittinger did not appear at the evidentiary hearing to refute evidence introduced by the plaintiffs that a partition in kind could not be made without great prejudice to the owners. The trial court specifically found that great prejudice to the owners would result if an attempt were made to divide the farmland into three separate parcels. The court explained the difficulties in dividing the land with regard to fencing, access, and water availability. The court concluded the value of the share of each co-owner's interest in the property would be materially less than a share of the money equivalent if the property remained as a whole.

[¶ 10] The trial court's findings in a partition action will not be reversed on appeal unless they are clearly erroneous. *McKechnie v. Berg*, 2003 ND 136, ¶ 11, 667 N.W.2d 628. We conclude the trial court's findings are not clearly erroneous. The plaintiffs have met their burden of proving that a partition in kind could not be made without great prejudice to the owners. We therefore affirm the trial court's grant of a partition sale of the property.

### III

[¶ 11] Alfred Wittinger asserts that "[d]amages and attorneys fees taxed against [him] were not appropriate given the adversarial posture of this case." Under N.D.C.C. § 32–16–45, the cost of a partition, including reasonable attorney fees, must be paid by the parties in proportion to their respective interests in the property and may be included and speci-

fied in the judgment. The trial court ordered a partition sale of the property with the net proceeds to be divided equally among the three cotenants, and the court divided the cost of the partition sale among the cotenants in proportion to their respective interests in the property. These actions by the trial court were in accordance with the statute.

[¶ 12] The court also awarded compensatory damages of $2,244.50 to Kenneth Wittinger and $2,821.87 to Donald Wittinger for Alfred Wittinger's "willful refusal and failure to sign various documents required by the U.S. Department of Agriculture and to pay his prorata share of the expenses and taxes." Of the total compensatory damages award, Donald and Kenneth Wittinger each received $2,151.40 for lost Conservation Reserve Program (CRP) payments, because Alfred Wittinger would not sign the necessary federal documents for the owners to continue receiving those payments.

[¶ 13] A joint tenant is liable to account to his cotenants for receiving more than a proportionate share of the rents and profits. *American Standard Life & Accident Ins. Co. v. Speros*, 494 N.W.2d 599, 607 (N.D.1993). Generally, cotenants are considered to be in a confidential relationship and must do equity. *See Bartz v. Heringer*, 322 N.W.2d 243, 244 (N.D.1982). Every partition action includes a final accounting for charges, including rents and profits received beyond the cotenant's fractional share, and for credits, including expenditures in excess of the cotenant's fractional share of taxes, insurance, and similar expenses. 7 *Powell on Real Property* § 50.07(6) (2004).

[¶ 14] These cotenants were entitled to share equally in the profits from the land, and each had a duty to pay his proportionate share of the taxes and other expenses. It was, therefore, appropriate for the trial court to award Donald and Kenneth Wittinger compensatory damages to account for Alfred Wittinger's share of the farmland taxes and expenses paid on his behalf by Donald and Kenneth Wittinger.

[¶ 15] Donald and Kenneth Wittinger, however, have not advanced a legal theory entitling them to receive compensatory damages for loss of CRP payments. This is a voluntary federal program whereby landowners can elect to keep land out of production in exchange for cash payments. 11 Harl, *Agricultural Law* § 91.03[4][e] (2004). Under certain circumstances, participation in the program is a desirable alternative to farming the land. *See Schneider v. Schaaf*, 1999 ND 235, ¶ 5, 603 N.W.2d 869. Donald and Kenneth Wittinger, however, have not cited any authority showing that Alfred Wittinger had a duty to participate in the federal CRP program or that his failure to participate in the program constituted a legal breach entitling his cotenants to compensatory damages. We conclude the plaintiffs have failed to present a viable legal theory upon which to justify the court's award of damages for the alleged "loss" of CRP payments, and we reverse that part of the compensatory damages awarded to them.

IV

[¶ 16] Alfred Wittinger asserts that the trial court acted with prejudice against him in deciding this case. Alfred Wittinger neither appeared nor was represented by counsel at the bench trial. He does not provide any specifics about how the judge acted with prejudice or bias, but merely states, "I felt uncomfortable with Judge Hilden's attitude toward me and my counsel throughout our case." A trial judge is allowed great latitude of dis-

cretion in conducting a trial, and absent an obvious abuse of discretion, the trial judge's conduct will not constitute grounds for reversible error. *Peters–Riemers v. Riemers*, 2002 ND 72, ¶ 13, 644 N.W.2d 197, *cert. denied*, 537 U.S. 1195, 123 S.Ct. 1252, 154 L.Ed.2d 1031 (2003). Alfred Wittinger has failed to demonstrate a prejudice or bias against him by the trial judge or an obvious abuse of discretion by the trial judge in conducting the case. We conclude, therefore, this issue is without merit.

## V

[¶ 17] We hold the trial court's finding that a partition in kind of the farmland could not be made without great prejudice to the owners is not clearly erroneous, and we affirm the partition sale of the property. We hold the trial court's award of compensatory damages to Donald and Kenneth Wittinger for their payment of Alfred Wittinger's proportionate share of the farmland expenses and taxes is in accordance with the law, and we affirm that award of compensatory damages. We further hold, however, that the trial court's award of compensatory damages to Donald and Kenneth Wittinger, each in the amount of $2,151.40, for lost CRP payments is not supported by the evidence, and we reverse that part of the award.

[¶ 18] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.