# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 49

Janice Rieger and Robert Rieger,    Plaintiffs, Appellants, and Cross-Appellees

v.

Lyle Ackerman and Kathleen
Rub,                                Defendants, Appellees, and Cross-Appellants

    and

all Persons Unknown who have
or claim any interest in the property,                          Defendants

## No. 20190197

Appeal from the District Court of Grant County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED IN PART AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Robert J. Pathroff, Bismarck, ND, for plaintiffs, appellants, and cross-appellees.

Malcolm H. Brown, Bismarck, ND, for defendants, appellees, and cross-appellants.

**VandeWalle, Justice.**

[¶1]   In this partition action, Janice and Robert Rieger appealed, and Lyle Ackerman and Kathleen Rub cross-appealed, from a district court order directing the sale of real property owned by the Riegers, Ackerman, and Rub. The court also denied the Riegers' motion for attorney's fees. We affirm in part and remand.

I

[¶2]   Janice Rieger, Ackerman, and Rub own a 473-acre parcel of agricultural property in Grant County. The property consists of three contiguous quarter sections. The west half of the property was purchased by the parties' grandfather in 1910, and the parties' father purchased the southeast quarter in 1956.

[¶3]   In May 2017, Janice Rieger sued Ackerman and Rub for partition of the property. Rieger proposed a partition of the property into thirds. Under the proposal, Rieger would receive the southern third of the property and Ackerman and Rub would split the remaining two-thirds of the property. Ackerman and Rub opposed Rieger's proposal and requested a sale of the property.

[¶4]   The parties stipulated to the appointment of two referees to analyze the property. The referees submitted a report in April 2018, concluding that partition of the property as proposed by Rieger would be inequitable. The referees proposed that the whole property be sold at auction.

[¶5]   The district court ordered the referees to supplement their report by valuing the three separate parcels of property if partitioned as requested by Rieger. The court also requested an estimate of the value of the two parcels proposed to be awarded to Ackerman and Rub if they were sold as one parcel. The referees submitted a supplemental report in November, 2018. The supplemental report valued Rieger's proposed parcel at $200,000, the middle

one-third parcel at $138,400, and the northern one-third parcel at $153,000. The referees valued the middle and northern one-third parcels at $417,500 if sold together. The supplemental report reaffirmed the referees' recommendation that the entire property be sold with the proceeds divided among the parties.

[¶6]   After a February 2019 trial, the district court ordered that the Riegers[1] could have their proposed third of the property if the remainder could be "sold for 2/3 of the $917,000 amount indicated in a 2016 appraisal, or such other amount as may be agreed upon by the parties" within six months. If two-thirds of the property could not be sold for a satisfactory amount within six months, the court ordered the entire property be sold.

[¶7]   In May 2019, the Riegers moved for attorney's fees and costs, requesting the district court to divide the costs of the action equally among the parties. The court denied the Riegers' motion.

II

[¶8]   The Riegers argue the district court erred in ordering a sale of the whole property if two-thirds of the property could not be sold within six months. The Riegers argue the court should have ordered a partition of the property.

[¶9]   We review a district court's decision in a partition action as follows:

> A district court's decision on the proper division of property or proceeds between the parties and the form of relief granted will not be disturbed on appeal absent an abuse of discretion. A court's findings in a partition action will not be reversed on appeal unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with

---

[1] In January 2019, Janice Rieger conveyed her interest to herself and Robert Rieger as joint tenants. Robert Rieger was subsequently added as a plaintiff to the action.

2

a definite and firm conviction a mistake has been made. Questions of law, however, are fully reviewable on appeal.

*Beach Railport, LLC v. Michels*, 2017 ND 240, ¶ 11, 903 N.W.2d 88 (citations omitted).

[¶10] "Partition is a matter of right between cotenants." *Estate of Loomer*, 2010 ND 93, ¶ 17, 782 N.W.2d 648; N.D.C.C. § 32-16-01. Partition is an equitable remedy. *Beach Railport*, 2017 ND 240, ¶ 10, 903 N.W.2d 88. District courts have broad discretion in partition actions to do equity and make a fair and just division of the property or proceeds between the parties and have wide flexibility in fashioning proper relief for the parties. *Id.* "The law favors partition in kind, and there is a presumption that partition in kind should be made unless great prejudice is shown." *Id.* All property owners deserve equal consideration for partition in kind, including consideration of the location and character of the property, sentimental attachment, and the situation of the owners. *Id.*

[¶11] In *Schnell v. Schnell*, 346 N.W.2d 713, 716 (N.D. 1984) (citations and quotations omitted), this Court discussed great prejudice as it relates to partition:

> In determining if great prejudice would result from a partition, the question is not which alternative would provide optimal economic value or maximum functional use. The resultant parcels need not be the economic, functional or aesthetic equivalent of the original parcel. Rather, great prejudice exists when the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained from the whole. Thus, sale of land in partition should not be ordered unless it is necessary to protect the parties from serious pecuniary injury.

[¶12] The Riegers contend the district court failed to find whether a physical partition would cause great prejudice to Ackerman and Rub. They also assert the court erred because the evidence does not establish that partition would cause great prejudice to Ackerman and Rub.

3

[¶13] The district court's decision discussed the property's value as a whole and the value if partitioned:

In this case, the 2016 appraisal placed a value of $917,000.00 on the 473 acres at issue . . . . That amount divided three ways would yield a return of $305,667.00 for each of the three siblings. Mr. Ibach testified that the land is currently being farmed as a unit and that the value of the land as a whole is "far greater" than the value of the land if partitioned into three units. He testified that partitioning the land would "greatly reduce" the value of the pasture land and that the small tracts of crop land could not support large equipment. Mr. Ibach concluded that no feasible equal partition could be made to equalize value and retain economic value and recommended that the land be sold at a public sale.

In the Referees supplemental report . . . , the referees attempted to place a value on the three separate parcels of land if partitioned as requested by [Rieger]. The court also requested the referees to attempt to place a value on the NW¼ and the N½ of the S½ of Section 1 if sold together as one unit. (The respondents submit that if the land is partitioned, it must be partitioned into three separate parcels and not two. However, both [Ackerman] and [Rub] testified that they are not interested in being co-tenants and want to have the property sold.) In doing so, the referees came up with a value for the NW¼ and the N½ of the S½ of $417,500. This total valued the 146 acres of pastureland at $0 due to the lack of a water supply. If a water supply is added by installing a well at the estimated cost of $19,189.74, it appears the pasture could then be valued at $950 an acre which is the value attributed to the pasture in the S½ of the S½ of Section 1 in the referees report. Adding 146 acres at $950 per acre to the $417,500 estimate would increase the value of the NW¼ and the N½ of the S½ to $529,500. While this is a significant increase from the $417,500 amount, it is also significantly less than the approximately $611,000 that [Ackerman] and [Rub] would divide as 2/3 of the $917,000 value indicated in the 2016 appraisal.

Considering the law favoring partition in kind, [Rieger's] desire to retain a parcel of the property and her emotional attachment to the property, the preference of [Ackerman] and

4

[Rub] to sell the property, the appraised value of the property and the difference between that value and the referees estimates of the values of the properties if divided, the referees opinion that the property cannot be divided in a manner which would equalize value and retain economic value and the recommendation that it be sold, and the court's 'wide judicial discretion in partition actions to "do equity" and to make a fair and just division of the property or proceeds between the parties,' and 'great flexibility in fashioning appropriate relief for the parties,' the court orders the following:

1. The parties shall have six months from the date of this order to attempt to sell the NW¼ and the N½ of the S½ of Section 1. If the NW¼ and the N½ of the S½ can be sold for 2/3 of the $917,000 amount indicated in the 2016 appraisal, or such other amount as may be agreed upon by the parties, the proceeds of the sale shall be divided equally between [Ackerman] and [Rub], and [Ackerman] and [Rub] shall deed their interest in the S½ of the S½ of Section 1 to [Rieger]; but,

2. If the NW¼ and the N½ of the S½ cannot be sold for a satisfactory amount, and there is no sale pending, at the end of the six month period, then the entire 473 acre parcel shall be sold and the proceeds divided equally among the three siblings.

[¶14] The district court discussed the referee's testimony relating to the property's value as a whole and its value if partitioned. A 2016 appraisal valued the property at $917,000. The referees' supplemental report valued each parcel as proposed by the Riegers. The report valued the Riegers' proposed southern one-third at $200,000, the middle one-third at $138,400, and the northern one-third at $153,000. The referees also combined the middle and northern one-third parcels and valued them at $417,500 if sold together as one parcel. The referees placed a lower value on the middle and northern thirds of the property in part because there was no water source. The court found that if a well were installed in the northern two-thirds of the property, the value would increase to approximately $529,500. The court found this amount was "significantly less than the approximately $611,000 that [Ackerman] and [Rub] would divide as 2/3 of the $917,000 value indicated in the 2016 appraisal."

[¶15] The district court also considered the sentimental attachment and the situation of the owners relating to the property. Janice Rieger lives in Minneapolis and testified about her emotional attachment to the property. She testified she enjoys visiting the property and wants to keep a portion of the property in her family for the enjoyment of her children and grandchildren. Ackerman lives in Kansas, Rub lives in Colorado, and they both testified they wanted the property sold.

[¶16] The district court's decision does not make a specific finding of great prejudice. However, the court's order discusses the great-prejudice legal standard immediately before making its decision. The court found the amount Ackerman and Rub would receive from a sale of the northern two-thirds of the property would be "significantly less" than the amount they would each receive from a sale of the whole property. We conclude the court's findings are consistent with the legal standard, and it found partition would cause great prejudice to Ackerman and Rub.

[¶17] The Riegers claim the district court clearly erred in finding that Ackerman's and Rub's share from a sale of two-thirds of the property would be significantly less than their share from a sale of the whole property. They argue partition would not cause great prejudice to Ackerman and Rub. According to the court's findings, $529,500 is approximately fifteen percent less than $611,000. We decline to adopt a bright-line rule declaring a decrease in value by a certain percentage constitutes a "serious pecuniary injury." S*chnell*, 346 N.W.2d at 716. In some cases, a fifteen percent decrease may be a serious pecuniary injury, and in other cases it may not. The evidence in the record supports the court's findings. We conclude the court's findings are not clearly erroneous, and we are not left with a definite and firm conviction a mistake has been made.

[¶18] The district court used its wide discretion in determining an equitable remedy for the parties. The court allowed the Riegers to keep their proposed one-third of the property if the remainder could be sold for a reasonable amount within six months. If the northern two-thirds of the property did not sell within six months, the court ordered the sale of the whole property. The

Riegers' appeal did not stay the six-month period to sell a portion of the property, and they did not move for a stay of the order pending appeal. *See* N.D.R.Civ.P. 62; N.D.R.App.P. 8. We conclude the court's determination on partition was not an abuse of discretion.

### III

[¶19]  The Riegers further argue the district court erred in denying their post-judgment motion for attorney's fees and costs. They assert the costs of the action should be divided equally among the parties.

[¶20]  The costs of a partition action are governed under N.D.C.C. § 32-16-45:

> The costs of a partition, including reasonable counsel fees, expended by the plaintiff or any of the defendants, for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided in proportion to their respective interests therein and may be included and specified in the judgment.

[¶21]  The district court explained its decision to deny the Riegers' motion:

> The motion for attorney fees in this case is premature due to the language in the court's order and the fact that the court's order has been appealed. The court's order did not divide the property equally among the parties, rather it ordered that the parties attempt to sell two-thirds of the property. There was a dispute at trial as to whether the two-thirds of the property to be offered for sale could be sold for two-thirds of the appraised value of the entire parcel, or whether any division of the property would result in a substantial reduction in value of the divided parcels. The court's order provided for a six month period of time for the parties to attempt to establish which, if any, of the parties' theories on valuation of the divided property was correct. If two-thirds of the property can be sold for an agreeable amount and the remaining one third awarded to [the Riegers], then the resulting division does not seem to fit the definition of a partition under [N.D.C.C.] Chapter 32-16. The court also questions whether Plaintiffs have established that the attorney fees requested were expended "for

the common benefit" of the parties as required by N.D.C.C. § 32-16-45.

For these reasons, Plaintiffs' motion for attorney fees is DENIED.

[¶22] The district court noted the Riegers' motion for attorney's fees was premature because they brought it within the six-month period to sell two-thirds of the property. The court also questioned whether the attorney's fees were expended for the common benefit of the parties under N.D.C.C. § 32-16-45; however, the court did not deny the Riegers' motion under N.D.C.C. § 32-16-45. Because the court stated the motion was premature and did not base its decision on N.D.C.C. § 32-16-45, we remand the order to the court to decide the Riegers' motion under N.D.C.C. § 32-16-45.

IV

[¶23] The partition order is affirmed. The order on costs and attorney's fees is remanded.

[¶24] Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.

8