STATE of North Dakota, Plaintiff,

v.

Nick VOGEL, d/b/a U-Rent and Sales, Defendant.

Cr. No. 964.

Supreme Court of North Dakota.

Jan. 26, 1984.

Patricia L. Burke, Asst. State's Atty., Bismarck, for plaintiff.

Patrick A. Conmy [argued], of Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendant.

GIERKE, Justice.

One question, answered in the positive by the Burleigh County Court, has been certified to our court for consideration, pursuant to Chapter 32–24 of the North Dakota Century Code:

"Does Chapter 12.1–30, N.D.C.C., create exemptions that deprive the defendant of his right to equal protection because of a lack of rational basis to determine the distinctions between exempt and non-exempt businesses?"

The following facts were stipulated to by both the State and the defendant:

"On April 17, 1983, a Ronald Coons reported to the Bismarck Police Department that U-Rent & Sales in Bismarck was advertising on the radio that the business would be open on Sundays. U-Rent & Sales is owned and operated by the defendant, Nick Vogel.

"On April 22, 1983, Detective James Zimmerman from the Bismarck Police Department contacted the defendant, Nick Vogel, at U-Rent & Sales. Mr. Vogel indicated to Detective Zimmerman that he had been open for business on the previous Sunday (April 17, 1983) and

would be open for business on Sunday, April 24, 1983.

"On April 28, 1983, Sargeant [sic] Myron Heinle and Robert Haas of the Bismarck Police Department went to U-Rent & Sales and spoke with Mr. Vogel. After being advised of his Miranda rights, Mr. Vogel agreed to talk to the officers. Mr. Vogel told Sgt. Heinle and Det. Haas that he was open for rental business on Sundays and had been open for business on Sunday, April 24, 1983. Mr. Vogel told the officers that he was advertising that fact on the Y–93 radio station.

"The Defendant owns and operates a rental business, bait shop, ice sales, and vitamin and food-nutrition supplement business with his wife. They have no employees other than themselves.

"The items rented are various and varied, and the rental thereof is by the hour or by the day.

"Among the items available for rent are the following:

1. Trailers, hand carts and furniture pads.
2. Health and medical service equipment, including crutches, hospital beds, commodes, etc.
3. Canoes.
4. Tents and sporting equipment.
5. Fishing boats.
6. Charcoal grills and camping equipment.
7. Sewer augers, plumbing tools, and specialized air conditioning repair equipment.
8. Emergency use space heaters.
9. Water pumps and water vacuuming equipment.
10. Automotive tools and repair equipment.
11. Lawn and garden tools and equipment.
12. Home maintenance tools and equipment.
13. Snow blowers and snow removal equipment.
14. Infant furniture and equipment—cribs, high chairs, etc.

The Vogels also sell bait, fishing equipment, ice and Shaklee nutrition products.

"From 1971 until 1980, Mr. Vogel and his wife were open on Sunday. During 1981 and 1982 they closed on Sunday. In the spring of 1983, they again reopened on Sunday. The present criminal complaint was issued following the second Sunday they were open. They advertise that they are open from 5:30 A.M., until 9:00 P.M., on Sunday.

"At this time, in the 'trade area' of Burleigh County the following businesses regularly operate on Sundays:

1. City Park and Recreation Department—renting canoes at the McDowell Dam park area.
2. 'Bill's Skelly'—rents trailers, moving carts, and furniture pads.
3. Hertz, Avis, and Budget car rental agencies—rent cars.
4. The Highway 83 'Exxon station'—rents trailers, hand moving carts, and furniture pads.
5. Bismarck Hospital and St. Alexius Hospital—rent crutches.
6. The service department of Montana-Dakota Utilities Co., and virtually every plumbing and heating company are 'open' for emergency plumbing, heating, and air conditioning repair, including rental of pumps and equipment, as are most electrical contractors."

The issue was submitted to the trial court on briefs and, on September 30, 1983, the trial court issued its memorandum opinion. In that opinion the trial court stated:

"I cannot conclude that the rational bases articulated in . . . this state's appellate decisions can be applied to this specific case to constitute a violation. I conclude that to not hold Mr. Vogel exempt from the alleged criminal violation in this case would be a constitutional infringement as to him."

The memorandum opinion concludes that "given the specific facts set forth and the issues of this case, that Mr. Vogel should

be found exempt. The case will be dismissed without prejudice."

On October 10, 1983, the State moved for a certification of the question posed herein, pursuant to Chapter 32–24, N.D.C.C. On October 17, 1983, the county court ordered that the complaint be dismissed without prejudice. On the same day, the county court certified the question to this court.

The pertinent section of our code relative to certification provides:

"*32–34–01. When question may be certified.* Where any cause is at issue, civil or criminal, in any district court or county court in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

The rules which determine whether or not this court will answer questions certified to it are well established. See *Scranton Grain Co. v. Lubbock Machine & Supply Co.*, 175 N.W.2d 656 (N.D.1970). Of particular relevance to this case is the statement made by this court in *Meckle v. Hoffman*, 78 N.W.2d 166, 170 (N.D.1956):

"... questions certified must be such that the determination of the cause in which they arise will depend wholly or principally on the construction of law applicable to such questions. [Citations omitted.] The statute does not contemplate the giving of advisory opinions."

■ It is readily apparent that an answer to the question certified would be purely advisory. The State's case against the defendant has been dismissed, albeit without prejudice. There is therefore no existing case which might be resolved by an answer to the question. When the trial court has not halted proceedings, but, rather, has concluded them by dismissing the complaint, the certification procedure does not apply. *See State v. Flemmer*, 211 N.W.2d 189, 190 (N.D.1973).

■ An additional barrier to our consideration of this question is the admission by both parties that, even had judgment not been entered, a determination by this court would not resolve all remaining issues in the case. In particular, Vogel advanced the defense of "selective enforcement" in the county court. He further asserts that if this court were to answer the question in the negative he would continue to pursue that defense. Such would be his right because the issue was never resolved by the county court. We cannot, therefore, answer the question certified because, as was conceded, the issues in this case are not wholly dependent on our resolution of the particular question presented.

We recognize the importance of the issue presented in this matter. We also recognize the difficulties inherent in the enforcement of Chapter 12.1–30, N.D.C.C. Modern marketing methods have presented those charged with enforcement of the Sunday Closing Law with situations which may not have been within the contemplation of the drafters of the statute. We are bound, however, by our rules and our previous decisions. We must, therefore, decline to answer the question because such an opinion would be purely advisory.

For the reasons stated in this opinion, these certified question proceedings are dismissed.

ERICKSTAD, C.J., and SAND, VANDE WALLE and PEDERSON, JJ., concur.