# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 40

City of Jamestown,                                        Plaintiff and Appellee

v.

Holden Thomas Kastet,                              Defendant and Appellant

## No. 20210170

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Abbagail C. Geroux, Assistant City Attorney, Jamestown, ND, for plaintiff and appellee.

Mark A. Friese (argued) and Luke T. Heck (on brief), Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Holden Kastet appeals from a criminal judgment entered after a jury found him guilty of simple assault. Kastet argues the district court erred by failing to provide his requested jury instructions on self-defense and consent. We reverse and remand for a new trial, concluding the district court erred by failing to provide Kastet's requested instructions.

I

[¶2]   According to trial testimony, Kastet and Nicholas Fuchs exchanged messages on Facebook relating to a woman they both knew. A witness testified Fuchs approached Kastet in a Jamestown bar. The witness testified Fuchs told Kastet, "[O]kay. Let's go," and provoked Kastet to engage in a fight. Kastet testified he and Fuchs agreed to go outside to fight.

[¶3]   The trial evidence included a video of the bar's exterior. The video showed Kastet and Fuchs standing face-to-face before Kastet head-butted and punched Fuchs. Kastet was arrested and charged with simple assault.

[¶4]   Before trial, Kastet requested jury instructions on the defenses of consent and self-defense. Kastet argued he acted in self-defense or Fuchs consented to the fight. The district court denied Kastet's requested instructions, finding they were not appropriate in this case. A jury found Kastet guilty.

II

[¶5]   "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391. A district court errs if it refuses to instruct the jury on an issue that has been adequately raised, but the court may refuse to give an instruction that is irrelevant or inapplicable. *Id.*

[¶6]   A defendant is entitled to an instruction on a legal defense if there is evidence to support it. *State v. Thiel*, 411 N.W.2d 66, 67 (N.D. 1987). Self-defense and consent are classified as defenses rather than affirmative defenses. *See State v. Olander*, 1998 ND 50, ¶ 20, 575 N.W.2d 658 (stating self-defense is a defense and not an affirmative defense); N.D.C.C. §§ 12.1-05-03 (self-defense), 12.1-17-08 (consent as a defense). In determining whether the jury should have received an instruction on a particular defense, this Court "must view the evidence in the light most favorable to the defendant." *Thiel*, at 67. A district court errs by failing to provide requested instructions on a legal defense if record evidence raises an issue from which the jury could infer the proffered defense. *Id.* at 69.

[¶7]   Consent as a defense is codified in N.D.C.C. § 12.1-17-08(1):

"When conduct is an offense because it causes or threatens bodily injury, consent to such conduct or to the infliction of such injury by all persons injured or threatened by the conduct is a defense if:

a. Neither the injury inflicted nor the injury threatened is such as to jeopardize life or seriously impair health.

b. The conduct and the injury are reasonably foreseeable hazards of joint participation in a lawful athletic contest or competitive sport; or

c. The conduct and the injury are reasonably foreseeable hazards of an occupation or profession or of medical or scientific experimentation conducted by recognized methods, and the persons subjected to such conduct or injury, having been made aware of the risks involved, consent to the performance of the conduct or the infliction of the injury."

[¶8]   Self-defense is defined in relevant part in N.D.C.C. § 12.1-05-03:

"A person is justified in using force upon another person to defend himself against danger of imminent unlawful bodily injury . . . except that:

. . . .

2. A person is not justified in using force if:

a. He intentionally provokes unlawful action by another person to cause bodily injury or death to such other person; or

b. He has entered into a mutual combat with another person or is the initial aggressor unless he is resisting force which is clearly excessive in the circumstances. A person's use of defensive force after he withdraws from an encounter and indicates to the other person that he has done so is justified if the latter nevertheless continues or menaces unlawful action."

A

[¶9] Kastet claims the district court erred in failing to provide a jury instruction on consent.

[¶10] Kastet was charged with simple assault under Jamestown City Code § 22-1(1)(a), defining simple assault in relevant part: "A person is guilty of an offense if that person . . . [w]illfully causes bodily injury to another human being." Jamestown's definition of simple assault is identical to the definition of simple assault under N.D.C.C. § 12.1-17-01(1)(a). *See* N.D.C.C. § 12.1-01-05 (stating an offense defined in the criminal code may not be superseded by a city ordinance); *City of Jamestown v. Casarez*, 2021 ND 71, ¶ 7, 958 N.W.2d 467 (explaining N.D.C.C. § 12.1-01-05 "is an expression of the legislature's intent that state criminal laws are to have uniform application throughout the state").

[¶11] A person is guilty of simple assault if he or she causes bodily injury to another. N.D.C.C. § 12.1-17-01(1)(a). Under N.D.C.C. § 12.1-17-08(1), consent may be a defense to simple assault if subparts (a), (b) or (c) are satisfied.

[¶12] In discussing Kastet's request for an instruction on consent as a defense, the district court focused on N.D.C.C. § 12.1-17-08(1)(a), relating to whether the injury inflicted "is such as to jeopardize life or seriously impair health." The court cited an American Law Reports article and cases from Maryland,

3

New Mexico, California, the District of Columbia and Mississippi. *See* 58 A.L.R. 3d 662 (1974) (collecting cases discussing whether the consent of the person assaulted will constitute a good defense in a prosecution for physical assault). The court stated "there's a view that consent is no defense when a battery violates a public peace." "[T]he overwhelming majority indicates that in actual simple assault cases it would not be appropriate [to give the instruction]." The court denied Kastet's request.

[¶13] James Ova testified Fuchs approached Kastet at the bar and told Kastet he wanted to go outside and fight. Ova testified Fuchs provoked Mr. Kastet to engage in a fight. Kastet testified Fuchs approached, nudged him in the back to get his attention and said "we're going to go outside and settle this right now. We're going to get this over with. We're going to fight." Kastet testified he told Fuchs he did not want to fight because he did not want trouble with authorities. Kastet testified Fuchs responded, "I will not call the cops. I'm going to kick your ass and we're going to be done with this." Kastet testified "[i]t was absolutely agreed upon to fight." Fuchs testified he had a "blurry memory of [the fight]," but did not dispute going outside with Kastet. Jamestown police officer Dustin Mittleider confirmed Fuchs' lack of recollection about the fight, testifying "[Fuchs] didn't remember a whole lot about the incident." Officer Mittleider testified his interviews of Kastet and Ova were consistent, both stated Fuchs "made statements about wanting to go outside and settle this."

[¶14] The State asserts the district court correctly denied the instruction because consent is not a defense when an assault violates the public peace. However, this Court has held that even if a crime is an offense against the public, a defendant may assert a legal defense if there is evidence to support it. *State v. Schumaier*, 1999 ND 239, ¶¶ 15-17, 603 N.W.2d 882 (holding self-defense may be "asserted in appropriate cases by defendants charged with disorderly conduct"). While the legislature has specified situations in which a defendant may assert consent as a defense, it has not prohibited the use of the defense for offenses against the public or offenses that violate the public peace. Absent a legislative directive, we will not imply such a limitation based on policy announced in other states.

4

[¶15] Viewing the evidence in a light favorable to Kastet, the record contains sufficient evidence to support a jury instruction on consent as a defense. The district court erred by not giving Kastet's requested instruction. Whether Fuchs consented to the fight and whether the injury inflicted by Kastet was such as to jeopardize life or seriously impair health is a question for the jury.

B

[¶16] Kastet contends the district court erred in failing to provide a jury instruction on self-defense.

[¶17] If there is evidence to support a self-defense claim, a defendant is entitled to an instruction on it, and the State must prove beyond a reasonable doubt the defendant did not act in self-defense. *Olander*, 1998 ND 50, ¶ 20. Self-defense may be either justified or excused. *State v. Leidholm*, 334 N.W.2d 811, 814 (N.D. 1983); N.D.C.C. §§ 12.1-05-03, 12.1-05-08. A person who believes force is necessary to prevent imminent unlawful harm is justified in using force if his belief is correct, while a person who reasonably but incorrectly believes force is necessary to protect himself against imminent harm is excused in using force. *Leidholm*, at 815. "[T]he decisive issue under our law of self-defense is not whether a person's beliefs are correct, but rather whether they are reasonable and thereby excused or justified." *Id.*

[¶18] In *Leidholm*, 334 N.W.2d at 817-18, this Court adopted a subjective standard of reasonableness, and held the fact-finder must view the circumstances surrounding a defendant's use of force from the standpoint of the defendant to determine if they are sufficient to create in the defendant's mind an honest and reasonable belief that the use of force is necessary to protect himself or herself from imminent harm. A defendant's actions are to be viewed from the standpoint of a person who shares the defendant's mental and physical characteristics, sees what the defendant sees, and knows what the defendant knows. *Id* at 818.

5

[¶19] The district court denied Kastet's request for a self-defense instruction in part on the basis of the video evidence showing Fuchs and Kastet outside the bar. The court stated, "I think [the video] speaks for itself. At what point could [Kastet] have simply turned around and walked away?"

[¶20] Kastet testified that after Fuchs told him he was going to "kick [his] ass:"

> "I basically felt at that point I was either going to get hit or I needed to [ ] hit [him]. I mean, I'm obviously standing there up against him. He has a few inches on me. I'm feeling pretty intimidated at that point. Just as size-wise I did not feel that I wanted to get punched first."

[¶21] The State argues the district court correctly denied the self-defense instruction because Kastet's beliefs were unreasonable. The State claims Fuchs was not acting in a violent manner and Kastet was the initial aggressor. *See* N.D.C.C. § 12.1-05-03(2)(b) (stating a person is not justified in using force if he or she is the initial aggressor). This Court has stated:

> "If the trial judge evaluates or screens the evidence supporting a proposed defense, and upon such evaluation declines to charge on that defense, he dilutes the defendant's jury trial by removing the issue from the jury's consideration. In effect, the trial judge directs a verdict on that issue against the defendant. This is impermissible."

*Thiel*, 411 N.W.2d at 70 (quoting *Strauss v. United States*, 376 F.2d 416, 419 (5th Cir. 1967)).

[¶22] Kastet testified he felt intimidated and believed Fuchs was going to hit him. Kastet presented sufficient evidence to receive a jury instruction on self-defense. The district court impermissibly evaluated the video evidence when it stated the video spoke for itself and Kastet could have just walked away. The jury, as the fact-finder, must decide whether Kastet had a reasonable belief that the use of force was necessary to protect himself from imminent harm. The court erred by denying Kastet's request for a self-defense instruction.

## III

[¶23] The judgment is reversed and remanded for a new trial.

[¶24] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte