# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 206

Terry L. Olson,                                          Plaintiff and Appellee

v.

Kevin L. Olson,                                      Defendant and Appellant

and

Steffen S. Olson,                                                      Defendant

## No. 20240067

Appeal from the District Court of Renville County, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Ryan D. Fullerton and Elliot J. Stoll, Fergus Falls, MN, for plaintiff and appellee; on brief.

Kevin L. Olson, Fargo, ND, self-represented, defendant and appellant; on brief.

**Olson v. Olson, et al.**
**No. 20240067**

**Crothers, Justice.**

[¶1]   Kevin Olson appeals from the district court's orders partitioning by sale, confirming the sale, and distributing proceeds from the sale of family-owned real estate. A judgment consistent with the order subsequently was filed and we treat the appeal as being from the judgment. Kevin Olson presents at least 23 issues, which we consolidate to consider whether the court erred by partitioning the real estate, erred in awarding costs and attorney's fees, and erred in distributing proceeds from the sale. We reverse.

I

[¶2]   In 2001 Terry Olson, Steffen Olson, Kevin Olson, and their parents signed a "Family Agreement," regarding ownership of portions of three sections of land in Renville County, North Dakota. Under the agreement, and by the deed executed with the agreement, the land is owned by the three sons as co-tenants, with their parents retaining a life estate. The agreement contains restrictions on the owners' ability to convey or partition the land.

[¶3]   Terry Olson and Steffen Olson later agreed the land should be partitioned due to frequent family conflict regarding the property. In 2022 Terry Olson commenced this action to have the real property partitioned by sale. The parents' life estates terminated prior to this lawsuit. Kevin Olson answered and counterclaimed alleging, among other things, that the family agreement prohibited partition except with consent of the co-owners. During subsequent hearings and in subsequent court filings Kevin Olson represented to the district court that he favored physical partition but opposed partition by sale.

[¶4]   On May 31, 2022, Terry Olson filed a motion to appoint referees to assist in partitioning the land. On July 27, 2022, the district court granted the motion to appoint referees to determine whether the property could be divided or should be sold. In granting the motion, the court stated:

"The Plaintiff's motion for appointment of referees is based on the need to determine if the property can be physically partitioned without 'great prejudice,' and if possible how that would be done. NDCC § 32-16-12 requires that the Court must first determine if physical partition of the land is possible without great prejudice which, based on the record, has not been established to the satisfaction of the Court as required by statute. In order for the Court to make that determination more evidence is necessary and as such the Court is granting the Plaintiff's motion."

The order further provided, "Any report submitted by the referees must contain an opinion on whether or not physical partition can be [done] without great prejudice to the parties and if not all facts and conclusions to support that opinion and, if physical partition is deemed feasible, one or more proposed partition plans which would result in approximately equal division of the subject property between the parties." The order required, "[t]he report shall be submitted to the parties and the Court."

[¶5]   The district court's July 27, 2022 order addressed appointment of referees and directed as follows:

"Each party shall, within thirty days of the date of this Order, select a person to serve as a referee in this matter and submit that name to all other parties. Each party's chosen referee must be a real property appraiser, surveyor, attorney, realtor, or other qualified professional licensed within the State of North Dakota. Each party shall be responsible for the cost of their selected referee."

On August 26, 2022, Terry Olson designated a referee but Kevin Olson and Steffen Olson did not respond or otherwise designate a referee as ordered.

[¶6]   After further motions and proceedings on matters unrelated to issues on appeal, on January 27, 2023, the district court appointed Terry Olson's designee as the sole referee in this matter. The court, among other things, appointed a single referee with the referee's costs and fees to be divided equally between the parties. The order also directed the referee's work as follows:

2

"Referee Work Timeline. Within thirty (30) days of the date of this Order, the referee shall do all work reasonably necessary to form an opinion as to whether the subject property may be partitioned in kind 'without great prejudice to the owners.' *See* NDCC § 32-16-01. Should the referee reach that conclusion to a reasonable degree to professional certainty, the referee must identify facts or circumstances which form the basis of that opinion.

Report; Timing. Within thirty (45) [sic] days of this Order, the referee shall prepare a report containing the referee's conclusions.

Report; Content. Any report recommending partition of the subject property in kind shall contain at least one proposal for the physical partition of the property. Any report concluding that partition in kind is not possible without 'great prejudice' shall contain at least one proposal for how the subject property might be sold such that the result is fair and equitable to all owners."

[¶7]   On March 7, 2023, counsel for Terry Olson filed the referee's report. The referee's conclusion was that the property should not be physically partitioned and that sale was the appropriate resolution of this action:

"**Partition Analysis Conclusion**

In conclusion, **it is the Referee's opinion that the subject property may NOT be partitioned in kind without great prejudice to the owners.** Partitioning this property would result in tracts of land that due to their size may not be as appealing to the market, and most importantly given the diverse and unique characteristics of the sites comprising the subject property, partitioning would result in inequities for the parties involved. In terms of mineral rights, if the subject property owners were to retain them, the recommendation would be for them to hold the mineral rights as an undivided interest without partitioning them."

The referee's conclusion was based on the following analysis:

"The subject property consists of approximately 400 acres of cropland and 222 acres of pasture/hayland. Dividing equally the cropland among three parties would result in cropland of 133 acres.

3

However, two quarter sections of the cropland are about 1/2 mile east from the smaller piece of cropland, which creates a problem when distributing the cropland in three parts. Additionally, part of the smaller tract has some sloughs and an inferior soil productivity index than the two quarter sections.

Dividing into three parts the pasture/hayland would result in three tracts of 74 acres. The size of the pasture/hayland would result in smaller tracts than what is typical for this market, impacting their marketability.

. . . .

The physical partition of the subject property is difficult due to the diverse and unique characteristics of the sites that comprise the subject property."

[¶8] According to the report, the referee's analysis was based on "conversations" with an agricultural loan officer at Farm Credit Services of Mandan and a realtor and administrative assistant at a large auction and real estate company, and review of agricultural land sales in Renville County from January 2016 to September 2022.

[¶9] On May 4, 2023, the district court "accept[ed] and confirm[ed] the conclusions and recommendations" from the referee's report. Without explanation, the court determined "that the subject property cannot be physically partitioned without great prejudice to the owners thereof." The court determined "that it is established by the evidence in this matter to the Court's satisfaction that partition by sale is appropriate. NDCC § 32-16-12." The court's order was issued without submission of competent, admissible evidence, or a trial. *See* N.D.C.C. § 32-16-08 ("The rights of the several parties, plaintiff as well as defendant, may be put in issue, tried, and determined in such action, and when a sale of the premises is necessary, the title must be ascertained by proof to the satisfaction of the court before the judgment of sale can be made. . . .").

[¶10] On September 28, 2023, the district court approved the sale of the parcels. On December 15, 2023, the court awarded costs and attorney's fees, and

4

distributed the balance of the proceeds to the co-owners. Kevin Olson timely appealed.

## II

[¶11] The dispositive issue is Kevin Olson's claim that insufficient evidence supports the district court's order partitioning the land by sale, and distributing the sale proceeds.

[¶12] We review the district court's partition order as follows:

> "A district court's decision on the proper division of property or proceeds between the parties and the form of relief granted will not be disturbed on appeal absent an abuse of discretion. A court's findings in a partition action will not be reversed on appeal unless they are clearly erroneous. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made."

*Beach Railport, LLC v. Michels*, 2017 ND 240, ¶ 11, 903 N.W.2d 88 (internal citations omitted). "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *In re Estate of Loomer*, 2010 ND 93, ¶ 20, 782 N.W.2d 648 (citing *Larson v. Larson*, 2002 ND 196, ¶ 11, 653 N.W.2d 869).

## A

[¶13] Kevin Olson argues the district court failed to apply terms of the 2001 family agreement signed by the parties and their parents. The agreement was signed when the real estate was conveyed to the three brothers, and provided:

> "NOW THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:
>
> 1. So long as Terry Olson, Steffen Olson and Kevin Olson shall live, the real estate described herein will never be sold or transferred unless unanimous consent of the three sons is received. The real

5

estate property subject to this agreement is in Renville County, North Dakota and legally described as follows:

Township 158, Range 81:
Sec. 8: SE1/4NE1/4, E1/2SE1/4, W1/2SE1/4
Sec. 16: NE1/4, SE1/4
Sec. 17: W1/2NE1/4, NE1/4NE1/4

2. In consideration for the transfer of the real estate to them, the undersigned hereby waive their rights to a partition action.

3. This shall not prevent any of the three sons from transferring their interest in the land to a direct lineal decedent."

[¶14] The district court did not address the restrictions contained in the agreement, despite Kevin Olson raising its terms as a defense to partition. The court's failure to address a defense raised by a party is error. *See generally City of Jamestown v. Kastet*, 2022 ND 40, ¶ 6, 970 N.W.2d 187 (holding that a court must consider a defense if, when considering the record in the light most favorable to the defendant, there is sufficient evidence to support the defense).

[¶15] Here, the error is partially harmless because Kevin Olson ultimately agreed physical partition of the land was warranted. *See* N.D.R.Civ.P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Specifically, and as argued by Terry Olson, application of the family agreement was waived because Kevin Olson stated "[he was] accept[ing of] a physical partition." Therefore, Kevin Olson waived his right to object to the land being physically partitioned. *See Lawrence v. Delkamp*, 2006 ND 257, ¶ 8, 725 N.W.2d 211 ("A person may waive the rights and privileges to which that person is legally entitled, whether secured by contract, conferred by statute, or guaranteed by the constitution.") (citing *Toni v. Toni*, 2001 ND 193, ¶ 10, 636 N.W.2d 396).

B

[¶16] Kevin Olson argues that even if he waived that part of the family agreement permitting partition, he never waived the agreement's prohibition of

6

partition by sale. Kevin Olson consistently argued to the district court that insufficient evidence or findings supported the district court's order for partition by sale.

[¶17] Partition of real and personal property is provided for under N.D.C.C. § 32-16-01 as follows:

> "When several cotenants hold and are in possession of real or personal property as partners, joint tenants, or tenants in common, in which one or more of them have an estate or inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein and for a sale of such property or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners. Real and personal property may be partitioned in the same action."

Section 32-16-12, N.D.C.C., provides for when the district court may order a partition by sale:

> "If it is alleged in the complaint and established by evidence, or if it appears by the evidence without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof. Otherwise, upon the making of requisite proof, it must order a partition according to the respective rights of the parties as ascertained by the court and appoint three referees therefor, and must designate the portion to remain undivided for the owners whose interests remain unknown or unascertained."

[¶18] Our decisions provide a framework for the district court to consider whether physical partition or partition by sale might be appropriate. "The law favors partition in kind where it can be made without great prejudice to the parties. The burden of proving that partition in kind cannot be made without great prejudice is on the party demanding a sale. Unless great prejudice is shown, a presumption prevails that partition in kind should be made[]" because

7

forced sales are "strongly disfavored." *Schnell v. Schnell,* 346 N.W.2d 713, 716 (N.D. 1984) (cleaned up).

[¶19] Great prejudice occurs when the value of each share is diminished verses the monetary value that could be obtained by the sale of the whole. *Schnell*, 346 N.W.2d at 716. The Court in *Schnell* further explained:

> "In determining if great prejudice would result from a partition, the question is not which alternative would provide optimal economic value or maximum functional use. The resultant parcels need not be the economic, functional or aesthetic equivalent of the original parcel. Rather, great prejudice exists when the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained from the whole. Thus, sale of land in partition should not be ordered unless it is necessary to protect the parties from 'serious pecuniary injury.'"

*Id*. (cleaned up).

[¶20] In *Schnell* this Court warned that "the power to convert real estate into money against the will of an owner 'is an extraordinary and dangerous power, and ought never to be exercised unless the necessity therefor is clearly established.'" 346 N.W.2d at 721 (citing *Vesper v. Farnsworth*, 40 Wis. 357, 362 (1876)).

[¶21] Here, the district court appointed one referee, whose name was offered to the court by Terry Olson. The referee submitted a report stating he talked to an agricultural loan officer at Farm Credit Services of Mandan, a realtor and administrative assistant at a real estate auction company, a mineral rights referee, a banker and real estate agent. The referee's report noted the diversity of the composition of the land and contained an opinion that if the smaller tracts were equally divided by three, they would not sell well compared to the entire property. He concluded a physical partition, if dividing the total cropland and pasture or hayland, would result in great prejudice due to a limited marketability of the smaller parcels.

8

[¶22] The referee's report was filed with the district court by Terry Olson's attorney. No trial was conducted and the report was not authenticated or otherwise introduced into evidence. *See Black's Law Dictionary* 696 (12th ed. 2024) (defining admissible evidence as "Evidence that is relevant and is of such a character (e.g., not unfairly prejudicial, based on hearsay, or privileged) that the court should receive it."); *Interest of J.C.*, 2024 ND 9, ¶ 15, 2 N.W.3d 228 ("Generally, a document in the court file is not part of the evidentiary record unless a party offers the document and the court receives it.") (cleaned up).

[¶23] Based on the unverified complaint and the referee's report, the district court concluded without supporting evidence or findings that the subject property could not be physically partitioned without great prejudice to the owners. According to N.D.C.C. § 32-16-13, the "referees must divide the property" amongst the parties based on their respective rights. Here, the three co-tenants equally owned an undivided one-third of the property. The referee took the total acreage of cropland and pasture/hayland in three parcels and divided by the three co-tenants. The referee did not address whether the parcels could be partitioned other than by dividing the acreage of each parcel by three.

[¶24] As plaintiff, Terry Olson had the burden of proving he was entitled to partition by sale. *See Schnell*, 346 N.W.2d at 716 ("The burden of proving that partition in kind cannot be made without great prejudice is on the party demanding a sale."). Terry Olson produced no evidence supporting his burden. Instead, he and the district court relied exclusively on the claims in the unverified complaint and the referee's report. In doing so, the court's findings contain only conclusory statements about great prejudice. The court's findings only incorporate the referee's report, which was conclusory and failed to consider whether the land could be equitably divided and distributed as existing parcels rather than simply splitting the parcels in thirds. The court's order also fails to account for our case law in *Schnell*, at 716, "[t]he resultant parcels need not be the economic, functional or aesthetic equivalent of the original parcel." The referee's report and the court also did not consider the statement in *Schnell* that "great prejudice exists when 'the value of the share of each in case of a partition would be materially less than his share of the money equivalent that

9

could probably be obtained from the whole.'" *Id.* The court's order and the referee's report it relies on are conclusory and do not explain or support a finding of great prejudice based on evidence that a physical division would result in serious pecuniary injury.

[¶25] Based on the lack of evidence supporting the determination of great prejudice, the district court abused its discretion by ordering partition by sale. We reverse the court's order and judgment confirming sale of the real estate. Because the sale of the real property is reversed, we also reverse the order and judgment awarding costs and attorney's fees relating to the sale.

### III

[¶26] The district court erred in ordering partition by sale of the real estate, awarding costs and attorney's fees and distributing proceeds from the sale. These orders and the judgment are reversed.

[¶27] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr