# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 76

K.L.T. and M.O.J.,                                                    Petitioners

    v.

The Executive Director of the Human Service
Department, State of North Dakota,                                    Respondent

### No. 20240299

Certified Question of Law from the District Court of Cass County, East Central Judicial District, the Honorable Cherie L. Clark, Judge.

CERTIFIED QUESTION NOT ANSWERED.

Opinion of the Court by Jensen, Chief Justice.

William P. Harrie, Fargo, ND, for petitioners; submitted on brief.

Courtney R. Titus, Assistant Attorney General, Bismarck, ND, for respondent; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   This case is before the North Dakota Supreme Court on the Cass County District Court's certified question of law: "Is an unmarried couple able [to] adopt children under N.D.C.C. § 14-15-03(2)?" We decline to answer the certified question and the proceeding is dismissed.

I

[¶2]   On September 27, 2024, K.L.T. and M.O.J., an unmarried couple, filed a petition to adopt three children who have been in their care since the beginning of 2022. On October 8, 2024, the district court denied the petition finding that because the petitioners are unmarried, they are not permitted to jointly adopt under N.D.C.C. § 14-15-03(2). The case was dismissed.

[¶3]   On October 14, 2024, K.L.T. and M.O.J. moved for reconsideration of the order denying the petition. While the district court found K.L.T. and M.O.J. to be suitable and proper adoptive parents to these children, the court denied the motion for reconsideration and issued an order certifying the following question to this Court:

> Is an unmarried couple able [to] adopt children under N.D.C.C. § 14-15-03(2)?

[¶4]   The district court found there is no controlling precedent in North Dakota and that a ruling by this Court is determinative of the proceedings.

II

[¶5]   As a threshold matter, this Court must decide whether to answer the certified question. Rule 47.1, N.D.R.App.P., authorizes this Court to answer questions of law certified by a state district court when two conditions are met:

> (A) there is a question of law involved in the proceeding that is determinative of the proceeding; and

1

(B) it appears to the district court that there is no controlling precedent in the decisions of the supreme court.

N.D.R.App.P. 47.1(a)(1).

[¶6] This Court has discretion to hear certified questions of law by the district court and may refuse to consider a certified question if it is frivolous, interlocutory in nature, or not dispositive of the issues before the district court. N.D.R.App.P. 47.1(c)(1). A certified question will not be answered unless disposition of the case depends wholly or principally upon the construction of law determined, regardless of whether the answer is in the negative or affirmative. *Gelinske v. Farmers Grain & Trading Co.*, 446 N.W.2d 261, 262 (N.D. 1989); *Braaten v. Deere & Co.*, 547 N.W.2d 751, 752 (N.D. 1996). Answering a certified question that does not wholly or principally dispose of the issues in the case would constitute issuing an impermissible advisory opinion. *State v. Larson*, 313 N.W.2d 750, 757 (N.D. 1981) (VandeWalle, J., concurring in part and dissenting in part). "The statutes authorizing certification of questions of law to this court do not contemplate our giving advisory opinions." *Gelinske*, at 263.

[¶7] It is readily apparent that an answer to the certified question would be purely advisory. The petition has been dismissed and the time to appeal has expired. There is therefore no existing case which might be resolved by an answer to the question. "When the trial court has not halted proceedings, but, rather, has concluded them by dismissing the complaint, the certification procedure does not apply." *State v. Vogel*, 343 N.W.2d 773, 775 (N.D. 1984) (citing *State v. Flemmer*, 211 N.W.2d 189, 190 (N.D. 1973)). We decline to answer the certified question.

### III

[¶8] For the reasons stated in this opinion, the certified question is not answered and the proceeding is dismissed.

[¶9] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr