# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2025 ND 173

| | |
|---|---|
| Terry L. Olson, | Plaintiff |
| v. | |
| Kevin L. Olson and Steffen S. Olson, | Defendants |
| and | |
| The Hetland Family Limited Partners, | Plaintiff-Intervenor |
| v. | |
| Terry L. Olson, Kevin L. Olson, and Heather M. Olson, as successor-in-interest to Steffen S. Olson, deceased, | Defendants in Intervention |
| and | |
| Kyle Simonson and Angela Simonson, | Plaintiff-Intervenors |
| v. | |
| Terry L. Olson, Kevin L. Olson, and Steffen S. Olson, | Defendants in Intervention |

### No. 20250120

Certified question from the District Court of Renville, Northeast Judicial District, the Honorable Anthony S. Benson, Judge.

CERTIFIED QUESTION NOT ANSWERED.

Opinion of the Court by Crothers, Justice.

Elliot J. Stoll (argued) and Ryan D. Fullerton (on brief), Fergus Falls, MN, for plaintiff and defendant in intervention Terry Olson.

Anthony Anderson, Fargo, ND, for plaintiff-intervenor The Hetland Family Limited Partnership.

Jessica L. Klein, Minot, ND, for plaintiff-intervenors Kyle Simonson and Angela Simonson.

Kevin L. Olson, Fargo, ND, defendant and defendant in intervention.

**Crothers, Justice.**

[¶1]  This case is before the North Dakota Supreme Court on the Renville County District Court's certified question of law under N.D.R.App.P. 47.1:

> Does the completed sale and conveyance of the real estate in this partition action to third-party purchasers uninterested in the action, which resulted from a defective analysis and decision by the district court of the issue of whether partition could occur without great prejudice to the owners, render further analysis of the issue of great prejudice moot where the defendant/appellant failed to obtain a stay of said sale and conveyance of real estate under either N.D.R.Civ.P. 62 or N.D.R.App.P. 8?

[¶2]  We decline to answer the certified question. The proceeding is dismissed.

I

[¶3]  This matter began as a partition action between family members. The district court ordered partition by sale. The land was sold by auction. The district court confirmed the sale and distributed the proceeds. Kevin L. Olson appealed from the district court's judgment and orders partitioning by sale, confirming the sale, and distributing proceeds from the sale. This Court reversed the district court's order and judgment confirming sale of the real estate, concluding the district court abused its discretion by ordering partition by sale because insufficient evidence supported the determination of great prejudice. *Olson v. Olson*, 2024 ND 206, ¶ 25, 13 N.W.3d 756 (*"Olson I"*).

[¶4]  Following reversal in *Olson I*, the Hetland Family Limited Partnership ("Hetland") and Kyle and Angela Simonson ("the Simonsons"), two of the three purchasers of the property, intervened. Hetland filed a "complaint in intervention" to enforce its rights in the property, seeking declaratory judgment, and alleging "controversy and uncertainty" regarding its rights in the property due to this Court's decision in *Olson I*. Hetland also filed a "motion for clarification" asking the district court to clarify its rights and the Supreme

Court's *Olson I* decision. The district court certified its question based upon the "motion for clarification."

## II

[¶5]   Rule 47.1, N.D.R.App.P., authorizes this Court to answer questions of law certified by a state district court when two conditions are met:

> (A) there is a question of law involved in the proceeding that is determinative of the proceeding; and
> (B) it appears to the district court that there is no controlling precedent in the decisions of the supreme court.

N.D.R.App.P. 47.1(a)(1).

[¶6]   Certified questions from our state district courts have a more stringent standard than foreign courts, requiring the question to be determinative because the parties have a right to appeal. *Papenhausen v. ConocoPhillips Co.*, 2024 ND 40, ¶ 5, 4 N.W.3d 246. "This Court has discretion to hear certified questions of law by the district court and may refuse to consider a certified question if it is frivolous, interlocutory in nature, or not dispositive of the issues before the district court." *K.L.T. v. Exec. Dir. of Hum. Serv. Dep't*, 2025 ND 76, ¶ 6, 19 N.W.3d 798 (citing N.D.R.App.P. 47.1(c)(1)). "A certified question will not be answered unless disposition of the case depends wholly or principally upon the construction of law determined, regardless of whether the answer is in the negative or affirmative." *Id.* "Answering a certified question that does not wholly or principally dispose of the issues in the case would constitute issuing an impermissible advisory opinion." *Id.*

[¶7]   Here, the certified question may not be dispositive of the issues before the district court. As demonstrated by the briefing in this matter, North Dakota has law guiding the district court on the parties' request for declaratory judgment. Therefore, we decline to substantively address the certified question because our response would be purely advisory. The court should answer the question and subsequently determine what, if any, additional proceedings are necessary.

2

## III

[¶8]   We decline to answer the certified question. The proceeding is dismissed.

[¶9]   Jon J. Jensen, C.J.
         Daniel J. Crothers
         Lisa Fair McEvers
         Jerod E. Tufte
         Douglas A. Bahr